FILED

October 14 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 14-0051

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 276N

PHILIP J. and UBON SLAGTER for PHILIP J.
SLAGTER and UBON SLAGTER,

Plaintiffs sui juris and Appellants,

v.

CITIBANK, N.A. as Trustee for WAMU ASSET-BACKED
CERTIFICATES, WAMU SERIES 2007-HE2;
FIRST AMERICAN TITLE COMPANY;
FIRST AMERICAN TITLE COMPANY OF MONTANA,
INC.; Charles J. Peterson; JP MORGAN CHASE BANK, N.A.;
and Un-Named Defendants 1-100,

Defendants and Appellees.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 2013-447
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Philip J. Slagter, Ubon Slagter; self-represented; Corvallis, Montana

For Appellees:

Leanne M. Schraudner; Schraudner & Hillier; Bozeman, Montana
(for First American Title Company and First American Title Company of
Montana)

Michael Manning, Michelle Sullivan; Holland & Hart; Billings, Montana
(for JP Morgan Chase Bank, N.A. and Citibank, N.A.)

Christina M. Wenko; Mackoff Kellog Law Firm; Dickinson,
North Dakota (for Charles J. Peterson)

Submitted on Briefs:  October 1, 2014
Decided:  October 14, 2014

Filed:

_____

Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Phillip and Ubon Slagter (Slagters) appeal from the District Court's dismissal of their complaint against the above-named Defendants. In 2006, Slagters borrowed $412,000 from Washington Mutual Bank. As security for the loan, Slagters executed a deed of trust conveying to First American Title Company, as trustee, an interest in real property located in Corvallis, Montana. Washington Mutual was later succeeded by Citibank as the beneficiary of the deed of trust. Slagters defaulted on the loan by failing to make a payment in January 1, 2008, and remained in default for over the next five years. Citibank initiated nonjudicial foreclosure proceedings pursuant to the Small Tract Financing Act of Montana. The First American Title Company of Montana, as trustee, sold the property at public auction in Hamilton, Montana, on October 23, 2013.

¶3 On October 31, 2013, Slagters filed a complaint against the Defendants in the Twenty-First Judicial Court, Ravalli County, seeking to void the foreclosure. Defendant Charles Peterson filed a motion to dismiss for failure to state a claim under M. R. Civ. P. 12(b)(6). That motion for dismissal was served upon the Slagters by mail on

3

November 19, 2013. Defendants JP Morgan Bank, N.A. and Citibank, N.A. (Banks) filed their own motion on the same grounds, and service was completed by mail on November 25, 2013. First American Title Company then filed its own motion to dismiss for failure to state a claim, serving it by mail on November 27, 2013. On December 10, 2013, the court dismissed Slagters' complaint with respect to Charles Peterson for failing to file a timely response to his motion. On December 16, 2013, the court granted the Banks' motion to dismiss for the same reason. Finally, on December 17, 2013, the court granted First American Title's motion to dismiss, again as a result of Slagters' failure to respond within the procedural time limits. Also on December 17, 2013, Slagters filed a response and reply brief with supporting exhibits. On December 19, 2013, the court entered another clarifying order, reiterating its prior dismissals of Slagters' complaint. Slagters now appeal.

¶4 Montana Uniform District Court Rule 2(a) states that a party opposing a motion generally has fourteen days after service to file an answer brief. M. R. Civ. P. 6 outlines the rules for computing time, and provides that the day of the event triggering the period of response is excluded when computing the time for motions. The rule also provides that "every day, including intermediate Saturdays, Sundays, and legal holidays" is to be counted. Further, M. R. Civ. P. 6(d) provides an additional three days for response time in instances in which service is completed by mail.

¶5 Under the above mentioned rules, Slagters needed to respond to Peterson's motion to dismiss by December 3, 2013; the Banks' motion by December 12, 2013; and First

4

American Title's motion by December 16, 2013. Slagters' response fell outside the response deadlines for all three motions to dismiss. However, Slagters argue on appeal that, by attaching additional information to their response, the motions were automatically converted to summary judgment motions and the deadline was thus 21 days. This is pursuant to M. R. Civ. P. 12(d), which states that if a court decides to consider matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

¶6 We have held that a district court must give parties notice if it decides to treat a motion to dismiss as a summary judgment motion under M. R. Civ. P. 12(d). *Ming Da Situ v. Smole*, 2013 MT 33, ¶ 29, 369 Mont. 1, 303 P.3d 747. However, there is nothing in the language of the rule to support Slagters' assertion that a motion to dismiss automatically converts to a summary judgment motion whenever additional materials are offered. It was within the District Court's discretion to decline to consider the additional materials. Thus, the additional materials offered by Slagters did not extend the deadline for response.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District court correctly interpreted, or were matters in which the District Court did not abuse its discretion.

¶8      Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON