FILED

August 4 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0716

DA 14-0716

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 220

THE COMMISSIONER OF POLITICAL PRACTICES
FOR THE STATE OF MONTANA, through
JONATHAN R. MOTL, acting in his official capacity
as the Commissioner of Political Practices,

       Plaintiff and Appellee,

  v.

TERRY E. BANNAN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV-2014-178
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Arthur V. Wittich, Michael L. Rabb, Montana Law Company, Wittich, Delmue, Reader & Rabb, Bozeman, Montana

      For Appellee:

            Jonathan R. Motl, Jaime MacNaughton, Commissioner of Political Practices, Helena, Montana

Submitted on Briefs:  June 17, 2015
Decided:  August 4, 2015

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     Terry E. Bannan appeals an order issued by the First Judicial District Court, Lewis and Clark County, denying his motion to dismiss.  We dismiss Bannan's appeal.

¶2     Bannan raises one issue on appeal, which we restate as follows:

*Did the Lewis and Clark County District Court have subject matter jurisdiction over the COPP enforcement action?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Terry E. Bannan is a resident of Gallatin County who ran unsuccessfully for House District 68 during the primary election in June 2010.  Jonathan Motl is the current Commissioner of Political Practices (COPP).

¶4     On January 22, 2014, the COPP issued a decision in *Clark v. Bannan*, COPP-2010-CFP-0023, in which it concluded that there was sufficient evidence demonstrating that Bannan had violated various campaign practices and finance laws warranting civil adjudication.

¶5     On February 11, 2014, the COPP forwarded its decision to the Lewis and Clark County Attorney for consideration of pursuing an action against Bannan.  On February 18, 2014, Bannan filed a declaratory action in the Gallatin County District Court, *Bannan v. Motl*, DV-14-143B (Mont. 18th Jud. Dist. 2014), in which he alleged that the COPP acted unlawfully by referring its sufficiency findings to the Lewis and Clark County Attorney rather than the Gallatin County Attorney.  On March 2, 2014, the

Lewis and Clark County Attorney waived his right to participate in the action, citing § 13-37-124(2), MCA.

¶6     On March 5, 2014, the COPP filed an enforcement action against Bannan in the Lewis and Clark County District Court.  On May 16, 2014, Bannan filed a motion to dismiss contending that the COPP was obligated to assert its claims in the Gallatin County declaratory judgment action.  Bannan maintained that the Lewis and Clark County District Court did not have subject matter jurisdiction over the matter because the COPP was obligated to consult with the Gallatin County Attorney.  The Lewis and Clark County District Court denied Bannan's motion to dismiss on September 30, 2014. Bannan appeals.

## STANDARD OF REVIEW

¶7     We review de novo a district court's determination regarding its subject matter jurisdiction.  *BNSF Railway Co. v. Cringle*, 2010 MT 290, ¶ 11, 359 Mont. 20, 247 P.3d 706.  A district court's decision to grant or deny a motion to dismiss for lack of subject matter jurisdiction is a question of law that we review for correctness.  *Pickett v. Cortese*, 2014 MT 166, ¶ 11, 375 Mont. 320, 328 P.3d 660.  "The inquiry is whether the complaint states facts that, if true, would grant the district court subject matter jurisdiction." *Pickett*, ¶ 11 (quoting *Ballas v. Missoula City Bd. of Adjustment*, 2007 MT 299, ¶ 9, 340 Mont. 56, 172 P.3d 1232).  Our review is restricted to whether the district court correctly decided the limited question of subject matter jurisdiction.  *Ballas*, ¶ 9.

**DISCUSSION**

¶8     Bannan argues that the COPP was obligated under § 13-37-124, MCA,[1] to refer its sufficiency findings to the county where all of the alleged campaign violations occurred—Gallatin County. He contends that the COPP's failure to confer with Gallatin County in regards to the alleged violations precludes the Lewis and Clark County District Court from exercising jurisdiction. We disagree.

¶9     Article VII, Section 4(1) of the Montana Constitution grants district courts "original jurisdiction in . . . all civil matters and cases at law and equity." *See also* § 3-5-302(1). "Subject-matter jurisdiction is a court's fundamental authority to hear and adjudicate a particular class of cases or proceedings." *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 57, 345 Mont. 12, 192 P.3d 186; *see also Ballas*, ¶ 12 ("Subject matter jurisdiction refers simply to a court's power to hear and adjudicate a case.").

¶10     The crux of Bannan's subject matter jurisdiction argument is his challenge of the Lewis and Clark County District Court's interpretation of § 13-37-124, MCA. The District Court is not deprived of subject matter jurisdiction when asked to address issues of statutory interpretation and construction. Bannan cites no authority to the contrary and

---

[1] Section 13-37-124, MCA, states in pertinent part:

> [W]henever the commissioner determines that there appears to be sufficient evidence to justify a civil or criminal prosecution under chapter 35 of this title or this chapter, the commissioner shall notify the county attorney of the county in which the alleged violation occurred and shall arrange to transmit to the county attorney all information relevant to the alleged violation. If the county attorney fails to initiate the appropriate civil or criminal action within 30 days after receiving notification of the alleged violation, the commissioner may then initiate the appropriate legal action.

concedes that § 13-37-113, MCA, confers subject matter jurisdiction upon the district courts to hear civil causes of this kind. *See* § 13-37-113, MCA ("All prosecutions must be brought in the state district court for the county in which a violation has occurred or in the district court for Lewis and Clark County.").

¶11 The District Court, as a court of general jurisdiction, has the fundamental authority to hear cases involving alleged violations of Montana campaign practice and finance laws. We conclude that the issue before the Court is one of statutory interpretation and not one of subject matter jurisdiction. We therefore agree with the District Court's decision denying Bannan's motion to dismiss. *See Ballas*, ¶ 17 ("we will not allow a party's characterization of an issue to eclipse its substance, nor will we allow parties to relitigate a district court's ruling merely because the appealing party has stylized the issue on appeal as one of subject matter jurisdiction").

¶12 We recognize that on December 30, 2014, this Court issued an order allowing Bannan to appeal the question of whether the District Court erred in denying his motion to dismiss for lack of subject matter jurisdiction pursuant to M. R. App. P. 6(3)(c). However, as determined above, the issue at bar is not an issue of subject matter jurisdiction. Accordingly, Bannan's appeal does not fall within the ambit of Rule 6(3)(c). Rather, his appeal must be characterized as one seeking relief from the denial of a motion to dismiss. Because orders denying motions to dismiss are not appealable (M. R. App. P. 6(5)(b)), we will not address the merits of Bannan's argument until after a final judgment has been entered.

## CONCLUSION

¶13    For the foregoing reasons, we therefore dismiss Bannan's appeal as premature.


/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE