FILED

May 24 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0580

DA 15-0580

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 119

---

DENTURIST ASSOCIATION OF MONTANA,

      Plaintiff and Appellant,

    v.

STATE OF MONTANA, DEPARTMENT OF
LABOR AND INDUSTRY; and BOARD OF DENTISTRY,

      Defendants and Appellees.

---

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV-2013-924
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Rob Cameron, Christensen & Prezeau, PLLP; Helena, Montana

          Nathan Bilyeu, Hattersley & Walter, PLLP; Helena, Montana

      For Appellees:

          Mark Jette, Special Assistant Attorney General, Department of Labor and
Industry; Helena, Montana

---

Submitted on Briefs:  March 23, 2016

Decided:  May 24, 2016

Filed:

                        Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Denturist Association of Montana, on behalf of Carl Brisendine, appeals from an order entered by the First Judicial District Court, Lewis and Clark County, granting summary judgment to the Defendants.  We affirm in part, reverse in part, and remand for further proceedings.

¶2    We address the following issue:

> *Did the District Court err in concluding Brisendine's claims were barred by res judicata?*

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    The Denturist Association of Montana (Association), on behalf of denturist Carl Brisendine (Brisendine), filed suit against the Board of Dentistry (Board), challenging the validity of A.R.M. 24.138.2302(1)(j) (Rule J), the latest in a long line of legal disputes between the two.  *See Board of Dentistry v. Kandarian*, 248 Mont. 444, 813 P.2d 409 (1991); *Brisendine v. Dept. of Commerce*, 253 Mont. 361, 833 P.2d 1019 (1992); *Christenot v. State*, 272 Mont. 396, 901 P.2d 545 (1995); *Wiser v. State*, 2006 MT 20, 331 Mont. 28, 129 P.3d 133 (*Wiser I*); *Wiser v. Board of Dentistry*, 2011 MT 56, 360 Mont. 1, 251 P.3d 675 (*Wiser II*).

¶4    Included in both *Wiser I* and *Wiser II*, either implicitly or explicitly, was the claim that the Board's promulgation of Rule J was invalid because it conflicted with statute. *Wiser II*, ¶ 16.  The *Wiser I* plaintiffs—comprised of every denturist in Montana—made their claims "on behalf of the profession of denturitry."  *Wiser II*, ¶ 18.  The *Wiser I* plaintiffs lost their challenge to the Board's authority to promulgate rules regulating

2

denturitry. The *Wiser II* plaintiffs, comprised of a smaller group of denturists, attempted to distinguish themselves from the *Wiser I* plaintiffs, but the Court saw no distinction in their capacity to challenge the Board's promulgation of Rule J as individuals rather than as representatives of a group. *Wiser II*, ¶ 18. The Court barred the *Wiser II* plaintiffs' claims on *res judicata* grounds. *Wiser II*, ¶ 18.

¶5 In this case, Brisendine's complaint contains three counts. Count I alleges Rule J is discriminatory and restrains trade in violation of § 37-1-131(1)(a)(ii), MCA, which provides every regulatory board will:

> Apply the standards and rules referred to in subsection (1)(a)(i) in a manner that does not discriminate against any person licensed by the board with regard to how the standards and rules are applied to other persons licensed by the board and that does not restrain trade or competition unless necessary to protect public health and safety;

Count I further alleges the Board violated § 37-1-131(1)(a)(ii), MCA, by discriminatorily applying its disciplinary rules: being unduly harsh on denturists while giving leniency to dentists. Counts II and III allege Rule J is invalid because it conflicts with various statutes.

¶6 Brisendine moved for summary judgment on Count II, and the Board filed a cross-motion for summary judgment on all counts. The District Court, citing *Wiser I* and *II*, held Brisendine's claims were barred by *res judicata* as a matter of law. Brisendine appeals.

## STANDARD OF REVIEW

¶7 An order on summary judgment is reviewed de novo, applying the same criteria as the district court. *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 36, 345 Mont. 12, 192 P.3d 186. Under M. R. Civ. P. 56(c), summary judgment is appropriate where there is a complete absence of genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Lorang*, ¶ 37.

¶8 A district court's application of res judicata or collateral estoppel is reviewed de novo. *Textana, Inc. v. Klabzuba Oil & Gas*, 2009 MT 401, ¶ 62, 353 Mont. 442, 222 P.3d 580; *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 13, 366 Mont. 78, 285 P.3d 494.

## DISCUSSION

¶9 *Did the District Court err in concluding Brisendine's claims were barred by res judicata?*

¶10 A final judgment can have a preclusive effect on future litigation by way of either claim preclusion (res judicata) or issue preclusion (collateral estoppel). *See Baltrusch v. Baltrusch*, 2006 MT 51, ¶¶ 15-18, 331 Mont. 281, 130 P.3d 1267. The two doctrines prevent parties from waging piecemeal, collateral attacks on judgments, thereby upholding the judicial policy that favors a definite end to litigation. *Baltrusch*, ¶ 15. Claim preclusion and issue preclusion also "conserv[e] judicial resources and encourag[e] reliance on adjudication by preventing inconsistent judgments." *Baltrusch*, ¶ 15. Although similar, the two doctrines are not the same.

¶11 Under claim preclusion, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Baltrusch*,

4

¶ 15; *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979). This includes those issues that *could* have been litigated in the prior cause of action. *Wiser II*, ¶ 17. The elements of claim preclusion are: (1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; (4) the capacities of the parties are the same to the subject matter and issues between them; and (5) a final judgment on the merits has been entered. *Wiser II*, ¶ 9.

¶12 Issue preclusion, on the other hand, bars the same parties or their privies from relitigating issues in a second suit that is based upon a different cause of action. *Baltrusch*, ¶ 15; *see also Parklane Hosiery*, 439 U.S. at 326 n.5. The elements of issue preclusion are: (1) the identical issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom collateral estoppel is now asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom preclusion is asserted must have been afforded a full and fair opportunity to litigate any issues which may be barred. *Baltrusch*, ¶ 18. Present in both claim preclusion and issue preclusion is the element of privity, upon which this case turns.

¶13 With respect to Count I, Brisendine argues he has no privity with the plaintiffs in *Wiser I* and *II*, and that Count I represents an altogether different claim than those presented in either of those cases. With respect to Counts II and III, Brisendine argues only that he has no privity with the plaintiffs in *Wiser I* and *II*, conceding the other

5

elements are met. The Board responds that privity exists between the *Wiser I* and *II* plaintiffs and Brisendine because the interests between the two are so closely aligned that the *Wiser I* and *II* plaintiffs were the virtual representatives of Brisendine. We agree with the Board that privity exists, but agree with Brisendine that Count I represents a different cause of action, with a new issue, than present in *Wiser I* or *II*.

¶14 The application of claim or issue preclusion to a party that was not a party in the prior proceeding, otherwise known as nonparty preclusion, conflicts with the "deep-rooted historic tradition that everyone should have his own day in court." *Taylor v. Sturgell*, 553 U.S. 880, 892-93 (2008) (internal quotations and citation omitted). Privity, however, is an exception to the general rule against nonparty preclusion that alleviates due process concerns. *Sturgell*, 553 U.S. at 893. The concept of privity in the context of a judgment "applies to one whose interest has been legally represented at trial." *Holtman v. 4-G's Plumbing & Heating*, 264 Mont. 432, 437, 872 P.2d 318, 321 (1994); *see also Sturgell*, 553 U.S. at 894 ("a nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit.") (citation omitted). Privity exists where "two parties are so closely aligned in interest that one is the virtual representative of the other . . . ." *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993); *see also United States v. ITT Rayonier, Inc.*, 627 F.2d 996 (9th Cir. 1980) (EPA could not sue to enforce Water Pollution Control Act, where same issue had been litigated in state court by the Washington Department of Ecology). Although our precedent regarding privity in this context is limited, other

6

courts instruct that privity is a "factual determination of substance, not mere form" that requires a "consideration of the realities of litigation." *Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt Int'l B.V. v. Phillippe S.E. Schreiber*, 327 F.3d 173, 186 (2d Cir. 2003) (citation omitted); *National Fuel Gas Dist. Corp. v. TGX Corp.*, 950 F.2d 829, 839 (2d Cir. 1991) (citation and internal quotations omitted).

¶15 Applying the above rules here, we conclude that privity exists between the litigants in *Wiser I* and *II* and Brisendine. The *Wiser I* litigants included every denturist in Montana, and they brought their suit "on behalf of the profession of denturitry." *Wiser II*, ¶ 18. Even though not a denturist at the time of the earlier litigation, Brisendine's interests are "closely aligned," *Nordhorn*, 9 F.3d at 1405, if not *exactly* aligned, with the *Wiser I* and *II* denturists who made the same challenge that Brisendine now makes: the Board's promulgation of Admin. R. M. 24.138.2302(1)(j) is invalid because it conflicts with statute. *See Wiser II*, ¶ 16. We are hard pressed to think of a more appropriate application of claim preclusion, one that serves to "conserv[e] judicial resources," *Baltrusch*, ¶ 15, than the prevention of repeated litigation by members of the same profession bringing the same challenges to the same laws. Otherwise, every new denturist could again bring the same legal challenge.

¶16 Because privity exists and the other elements of claim preclusion are not contested with respect to Counts II and III, we affirm the District Court's grant of summary judgment to the Board on those claims on res judicata grounds.[1]

¶17 Count I of the Complaint alleges the Board has engaged in a pattern of systemic discrimination, restraint of trade, and unfair anti-competitive practices in violation of § 37-1-131(1)(a)(ii), MCA. This is an entirely different claim than those made in either *Wiser I* or *II*. First, part of Brisendine's claim here is that the Board has applied its disciplinary rules in a discriminatory fashion by aggressively pursuing perceived violations by denturists, while showing leniency to dentists. This is a highly specific factual claim that includes allegations of misconduct occurring in 2014, an altogether different subject matter than the claims in *Wiser I* and *II*. Second, § 37-1-131(1)(a)(ii), MCA, was enacted after *Wiser I* and *II*. Although the Denturists claimed in *Wiser I* that the Board had engaged in restraint of trade in violation of the Montana Unfair Trade Practices and Consumer Protection Act, we held the MUTPA did not apply to state agencies. *Wiser I*, ¶¶ 32-33. Thus, until the passage of § 37-1-131(1)(a)(ii), MCA, denturists were practically precluded from litigating any instance of restraint of trade by the Board. Elements 2 and 3 of claim preclusion are therefore not satisfied with respect

---

[1] Brisendine argues that the Denturist Association has associational standing to bring this suit on his behalf because, according to Brisendine, his claims are not barred by res judicata, and thus he has standing to bring the claim, which he may confer on the Denturist Association. Brisendine appears to confuse the concept of standing, which requires an allegation of past, present, or threatened injury, *Chipman v. Nw Healthcare Corp.*, 2012 MT 242, ¶¶ 25-26, 366 Mont. 450, 288 P.3d 193, with the concept of res judicata, which is an affirmative defense. *See* Mont. R. Civ. P. 8(c)(1). One can have standing to bring a suit, only to succumb to the affirmative defense of res judicata, as is the case here on Counts II and III. In essence, that the Denturist Association has associational standing to bring this suit on behalf of Brisendine is not in dispute.

to Count I because the alleged conduct by the Board represents a new cause of action, and contains a new issue, that Brisendine has had no opportunity to litigate. *See Wiser II*, ¶ 17 ("a party . . . is prohibited from relitigating a claim that he or she has already had *an opportunity* to litigate.") (citation omitted) (emphasis added). Issue preclusion is likewise inapplicable. Although issue preclusion may apply in cases where the causes of action are different, it contains an element similar to claim preclusion that requires the issues to be the same. As stated above for purposes of claim preclusion analysis, Count I presents a different issue than any of those litigated in *Wiser I* or *II*. Element 1 of issue preclusion is therefore not met for the same reason. The District Court thus erred when it granted summary judgment to the Board on Count I, and Brisendine is entitled to pursue this claim.

¶18     Affirmed in part, reversed in part, and remanded for further proceedings.


                                    /S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER

9