FILED

04/25/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0677

DA 16-0677

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 94N

CHOUTEAU COUNTY, a Political Entity
of the State of Montana,

      Plaintiff and Appellee,

  v.

ROBERT SAYERS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Chouteau, Cause No. DV-15-042
Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John C. Doubek, Doubek, Pyfer & Fox, PC, Helena, Montana

      For Appellee:

          Susan B. Swimley, Attorney at Law, Bozeman, Montana

Submitted on Briefs:  April 5, 2017

Decided:  April 25, 2017

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Robert Sayers appeals from the District Court's Order dated October 28, 2016, granting summary judgment to Chouteau County.  We affirm.

¶3     Sayers sued the County in 2012 contending that Lippard Road, at least in part, was not a county road but was his "driveway."  The district court in that case granted summary judgment to the County, determining that the road was a county road.  Sayers appealed and this Court upheld the district court.  *Sayers v. Chouteau County*, 2013 MT 45, 369 Mont. 98, 297 P.3d 312.  Chouteau County subsequently filed an action against Sayers seeking an order requiring him to remove fences and gates that impinged upon Lippard Road.

¶4     Chouteau County moved for summary judgment in that action, and Sayers responded by contending that the original summary judgment in favor of the County in the 2012 case was in error because of new facts he claimed to have discovered.  The district court determined that Sayers was bound by the result in the prior litigation and could not re-litigate the issues determined in that case.

¶5     The District Court decision in this case is clearly correct.  It is established beyond argument that a final judgment in a case precludes future litigation on the same issues

2

between the same parties. The principle of res judicata prevents piecemeal collateral attacks on prior judgments and upholds the policy that favors a definite end to litigation. *Denturist Ass'n of Mont. v. State*, 2016 MT 119, ¶ 10, 383 Mont. 391, 372 P.3d 466; *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267.

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law.

¶7     Affirmed.


                                          /S/ MIKE McGRATH


We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR