FILED

04/26/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0443

DA 16-0443

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 96N

WELLS FARGO BANK, NATIONAL ASSOCIATION,
as Trustee for the POOLING AND SERVICING AGREEMENT
Dated as of July 1, 2006 SECURITIZED ASSET BACKED
RECEIVABLES LLC TRUST 2006-FR3 MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-FR3,

      Plaintiff and Appellee,

  v.

JAMES G. REHM and LORI A. REHM,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                  In and For the County of Gallatin, Cause No. DV-12-17B
                  Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                James G. Rehm (Self-Represented), Lori A. Rehm (Self-Represented),
                Loveland, Colorado

        For Appellee:

                Michelle M. Sullivan, Adrian A. Miller, Holland & Hart LLP,
                Billings, Montana

Submitted on Briefs:  March 22, 2017

Decided:  April 26, 2017

Filed:

_____

                         Clerk

Chief Justice Mike McGrath delivered the Opinion off the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      James G. Rehm and Lori A. Rehm (Rehm) appeal from a June 28, 2016 District Court order granting Appellees' summary judgment motion. We affirm.

¶3      Rehm purchased a home on January 10, 2006, obtaining a mortgage from Fremont Investment and Loan (Fremont). Rehm executed a note and Deed of Trust. Lenders Service Title Agency, Inc. was substituted as successor trustee under the Deed of Trust in June 2009. In July 2010, the Deed of Trust was assigned to plaintiff Wells Fargo Bank, National Association, as Trustee for the Pooling and Servicing Agreement Dates as of July 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR3 Mortgage Pass-Through Certificates, Series 2006-FR3 (Wells Fargo) as trustee.

¶4      Rehm defaulted on the loan in March 2009. Rehm sent a notice of intent to rescind the Note and Deed of Trust on October 2, 2009, to Fremont alleging Truth in Lending Act (TILA) violations. 15 U.S.C. § 1635; Reg. Z, 12 C.F.R. § 226. Fremont did not respond to the notice.

2

¶5     Rehm filed a lawsuit in December 2010 alleging improper foreclosure, fraud, unjust enrichment, and other violations.[1]  In September 2011, Rehm filed a notice of *Lis Pendens* and recorded documents asserting ownership of the property at the Gallatin County Clerk's office.

¶6     Due to Rehm's default on the loan, a non-judicial trustee's sale was filed and recorded on August 9, 2011, with the Gallatin County Clerk's office.  The property sale was set for November 7, 2011.  At the sale, the property was sold to appellee Wells Fargo.[2]

¶7     In February 2012, Wells Fargo filed an eviction action against the Rehms.  Rehm failed to appear at the hearing and a default judgment was entered.[3]  In January 2012, Wells Fargo filed the current quiet title action and a quiet title action seeking to expunge the two notices of *Lis Pendens* filed by Rehm.  Wells Fargo moved for summary judgment on December 29, 2015.  Rehm filed a cross-motion for summary judgment on February 29, 2016, claiming rescission under TILA.  On June 15, 2016, the District Court denied Rehm's motion and granted summary judgment in favor of Wells Fargo.

¶8     The Montana Supreme Court reviews the granting of a motion for summary judgment de novo, using the same standards applied by the district court under M. R. Civ. P. 56.  *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373

---

[1] Rehm's 2010 lawsuit was dismissed by the District Court with prejudice on September 10, 2015, for failure to prosecute.

[2] Ocwen Loan Servicing, LLC, was removed as a plaintiff in the case by the District Court in October 2015.  The caption of this case has been modified to accurately reflect the parties. M. R. App. P. 2(4).

[3] The entry of default judgment has been stayed pending the resolution of the current case.

3

Mont. 1, 313 P.3d 839; *In re Estate of Harmon*, 2011 MT 84A, ¶ 14, 360 Mont. 150. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Roe v. City of Missoula*, 2009 MT 417, ¶ 14, 354 Mont. 1, 221 P.3d 1200. Whether a court has jurisdiction is a legal conclusion, which this Court reviews de novo. *Pinnow v. Montana State Fund*, 2007 MT 332, ¶ 13, 340 Mont. 217, 172 P.3d 1273.

¶9 Rehm argues the District Court did not have subject matter jurisdiction. Montana's district courts have original jurisdiction in all civil matters and cases at law and equity. Mont. Const. Art. VII, § 4; § 3-5-302, MCA; *Comm'r of Political Practices for Mont. v. Bannan*, 2015 MT 220, ¶ 9, 380 Mont. 194, 354 P.3d 601. Montana courts have jurisdiction over quiet title actions regarding real estate located in Montana. Section 70-28-101, MCA; *Getter v. Beckman*, 236 Mont. 377, 380, 769 P.2d 714, 716 (1989). State courts have concurrent jurisdiction with federal courts to hear TILA claims. 15 U.S.C. § 1640(e); *R.G. Fin. Corp v. Vergara-Nunez*, 446 F.3d 178, 184 (1st Cir. 2006). The District Court had jurisdiction over the instant case and Rehm's attempted rescission under TILA.

¶10 Rehm argues the note was rescinded under TILA and therefore as a matter of law, there was no mortgage note on the property. TILA provides borrowers a conditional right to rescind if the lender failed to provide certain required disclosures. *Jesinoski v. Countrywide Home Loans, Inc.*, ___ U.S. ___, 135 S. Ct. 790, 792 (2015). The conditional

4

right is subject to a three-year statute of limitations; the borrower must notify the lender in writing of the borrower's intent to rescind within three years of the sale. 15 U.S.C. § 1635(f); *Jesinoski*, ___ U.S. at ___, 135 S. Ct. at 792. There is no right to rescind after the three-year period runs. *Jesinoski*, ___ U.S. at ___, 135 S. Ct. at 792.

¶11 Here, Rehm consummated the loan on January 10, 2006. Rehm had three years, until January 10, 2009, to provide notice of intent to rescind. In his affidavit, Rehm asserted the notice to rescind was sent to Fremont on October 2, 2009. Clearly, Rehm failed to provide notice to rescind within the statute of limitations. Rehm's attempt to rescind was untimely and had no legal effect. The District Court did not err in denying Rehm's argument based on rescission.

¶12 Rehm argues that Wells Fargo did not have standing to bring a quiet title claim. To determine if Wells Fargo has standing, this Court must determine whether it was a proper party to request an adjudication of the quiet title issue. *Geil v. Missoula Irrigation Dist.*, 2002 MT 269, ¶ 27, 312 Mont. 320, 59 P.3d 398 (citing *Gryczan v. State*, 283 Mont. 433, 442, 942 P.2d 112, 118 (1997)). Wells Fargo purchased the property at a valid trustee's sale. As owner of the property, Wells Fargo was an interested party and the proper party to request adjudication of the quiet title issue. Wells Fargo had standing.

¶13 While Rehm does not challenge the validity of the trustee's sale on appeal, Rehm argues both assignments of the Deed of Trust are void because they violated § 31-2-210, MCA, by failing to include an affidavit as part of the assignment. Section 31-2-201, MCA, *et seq.*, is a statutory scheme regarding insolvent debtors' assignments to creditors. Here,

5

the assignments were not initiated by a debtor and the assignments did not violate § 31-2-201, MCA, *et seq*.

¶14    Finally, Rehm argues Wells Fargo was illegally conducting business in Montana without a certificate of authority from the Secretary of State. Montana law requires foreign business trusts to obtain a certificate of authority from the Secretary of State before transacting business in the State. Section 35-1-1026, MCA. However, Wells Fargo has the authority to acquire, collect, and enforce any indebtedness, mortgages, or security interests in real property. Section 35-1-1026(2)(g)-(i), MCA.

¶15    No issues of material fact are in dispute. The District Court properly granted summary judgment to Wells Fargo.

¶16    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶17    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE