FILED

05/02/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0571

DA 16-0571

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 103N

CITIBANK, N.A., as Trustee for WAMU Asset-Backed
Certificates, WAMU Series 2007-HE2 Trust,

     Plaintiff and Appellee,

  v.

PHILIP J. SLAGTER; UBON SLAGTER,

     Defendants and Appellants.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                  In and For the County of Ravalli, Cause No. DV-15-333
                  Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

     For Appellants:

          Philip J. Slagter (Self-Represented), and Ubon Slagter (Self-Represented),
          Corvallis, Montana

     For Appellee:

          Cassie R. Dellwo, Mackoff Kellogg Law Firm, Dickinson, North Dakota

Submitted on Briefs:  March 29, 2017

Decided:  May 2, 2017

Filed:

_____

Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1　Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2　Philip J. Slagter and Ubon Slagter (the Slagters) appeal from an August 16, 2016 District Court order granting Citibank's motion for summary judgment. We affirm.

¶3　On December 12, 2006, the Slagters executed a Deed of Trust conveying an interest in real property to the Trustee, Washington Mutual Bank, to secure a mortgage. Citibank, N.A. as Trustee for WAMU Asset-Backed Certificates, WAMU Series 2007-HE2 Trust (Citibank) succeeded Washington Mutual Bank as beneficiary of the Deed of Trust.

¶4　The Slagters defaulted on the loan on January 1, 2008. Citibank initiated non-judicial foreclosure proceedings. On October 23, 2013, Citibank purchased the property at public auction.

¶5　In 2013, the Slagters filed a complaint against Citibank seeking to void the foreclosure based on lack of standing, misrepresentation, no default, and invalidity of the deed of trust. Citibank filed a motion to dismiss under Montana Rule of Civil Procedure 12(b)(6). The Slagters failed to file a response and the District Court dismissed the complaint with prejudice on December 16, 2013. The Slagters filed a notice of appeal to

this Court, which affirmed the District Court's dismissal of Slagters' complaint on October 14, 2014.[1]

¶6    On August 25, 2015, Citibank filed a motion for possession of the real property. The Slagters responded with a motion to dismiss and a motion to strike. The court ordered the Slagters to respond to Citibank's motion. The Slagters filed an answer and counterclaim asserting Citibank is an unregistered foreign trust and the deed of trust was void. Citibank then filed a motion for summary judgment. The Slagters responded but failed to cite any evidence in the record or file any affidavit in opposition to Citibank's motion. The District Court gave the Slagters time to respond appropriately, which they did on July 8, 2016, with the affidavit of Phillip Slagter. The affidavit did not set forth any evidence that Citibank failed to provide sufficient notice to vacate the property or specific reasons they could not present facts essential to their opposition. The District Court granted Citibank's motion for summary judgment on August 16, 2016.

¶7    The Montana Supreme Court reviews the granting of a motion for summary judgment de novo, using the same standards applied by the district court under M. R. Civ. P. 56. *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839; *In re Estate of Harmon*, 2011 MT 84A, ¶ 14, 360 Mont. 150, 253 P.3d 821. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

---

[1] *Slagter v. Citibank, N.A.*, 2014 MT 276N, No. DA 14-0051, 2014 Mont. LEXIS 622.

as a matter of law. M. R. Civ. P. 56(c)(3); *Roe v. City of Missoula*, 2009 MT 417, ¶ 14, 354 Mont. 1, 221 P.3d 1200. Whether a court has jurisdiction is a legal conclusion, which this Court reviews de novo. *Pinnow v. Mont. State Fund*, 2007 MT 332, ¶ 13, 340 Mont. 217, 172 P.3d 1273.

¶8 The Slagters argue the District Court did not have subject matter jurisdiction. Montana's district courts have original jurisdiction in all civil matters and cases at law and equity. Mont. Const. art. VII, § 4; § 3-5-302(1), MCA; *Comm'r of Political Practices for Mont. v. Bannan*, 2015 MT 220, ¶ 9, 380 Mont. 194, 354 P.3d 601. An action for possession of real property located in Montana is a civil matter. Section 70-27-101, MCA. The District Court had jurisdiction.

¶9 The Slagters argue Citibank did not have standing to bring this action. To determine if Citibank had standing, this Court must determine whether it was a proper party to request an adjudication of the unlawful detainer action. *Geil v. Missoula Irrigation Dist.*, 2002 MT 269, ¶ 27, 312 Mont. 320, 59 P.3d 398 (citing *Gryczan v. State*, 283 Mont. 433, 442, 942 P.2d 112, 118 (1997)). Citibank purchased the property at a valid trustee's sale. As owner of the property, Citibank was an interested party and therefore was the proper party to request adjudication of the unlawful detainer action. Citibank had standing.

¶10 The Slagters argue the trustee's sale where Citibank obtained title to the real property was invalid. They assert this claim is not barred based on new arguments regarding the validity of the trustee's sale.

¶11 Res judicata, or claim preclusion, bars the relitigation of a claim that the party has already had an opportunity to litigate. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont.

4

281, 130 P.3d 1267. An issue cannot be relitigated under res judicata so long as the parties or their privies are the same, the subject matter of the present and past actions is the same, the issues are the same and relate to the same subject matter, the capacities of the parties are the same to the subject matter and issues between them, and a final judgment on the merits has been entered. *Denturist Ass'n of Mont. v. State*, 2016 MT 119, ¶ 11, 383 Mont. 391, 372 P.3d 466.

¶12 In both the 2013 and present litigation the parties are the same, the subject matter is the same, and the parties' capacities are the same. There was a final judgment and this Court affirmed the District Court's dismissal with prejudice. However, the Slagters assert the issues are not the same. Specifically, the Slagters now claim the assignments of the deed were invalid as assignments for the benefit of creditors under Titles 31 and 35, MCA, and thus not the same claims previously litigated. Issues are the same if they arose from the same common nucleus of operative facts. *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 24, 366 Mont. 78, 285 P.3d 494. The validity of the October 2013 trustee's sale is the fundamental and essential issue in both cases. The alleged invalidity of the assignments is only relevant if they affected the validity of the trustee's sale and the assignments of the deed should have been raised in the prior action. The gravamen of both cases is the validity of the deed. The Slagters' claim is now precluded from being raised in new litigation.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

5

¶14 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

6