Justice Beth Baker delivered the Opinion of the Court.
***318 ¶1 HRC Two Rivers LLC and HRC Cottages Inc. (collectively the "General Partners") appeal the Fourth Judicial District Court, Missoula County, order dismissing their Third-Party Complaint against Aultco Construction Inc. as barred by the principles of res judicata and collateral estoppel. The General Partners assert that a prior suit by their partnership entity does not preclude the General Partners from pursuing their claims against Aultco. We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
¶2 Two Rivers Apartments LLLP (Two Rivers Apartments) contracted with Aultco Construction Inc. (Aultco) to build an eight-plex apartment building in St. Regis. HRC Two Rivers LLC and HRC Cottages Inc. are general partners of Two Rivers Apartments. USA Institutional Two Rivers LLC is a limited partner of Two Rivers Apartments.[1] In 2015, Two Rivers Apartments filed suit against Aultco, alleging negligent construction resulting in mold in the attic of the apartments (the "Two Rivers case"). After two years, the parties signed a mutual release and settlement agreement and agreed to dismiss with prejudice. The District Court so ordered.
¶3 The apartment tenants then filed suit against Two Rivers Apartments and the General Partners, alleging that Two Rivers Apartments failed to give them the statutorily required disclosure of mold testing and its results. The General Partners filed a Third-Party Complaint against Aultco for contribution and indemnity if the General Partners were found liable for damages caused by Aultco's negligent conduct.
¶4 Aultco moved to dismiss the Third-Party Complaint based on res judicata. The District Court granted Aultco's motion on the grounds of either res judicata or collateral estoppel. Reasoning that Aultco's negligence in this case has been litigated, settled, and dismissed with prejudice, and considering that the entities are so intertwined as effectively to be one, the court held that res judicata and collateral estoppel had been satisfied.
***319 STANDARDS OF REVIEW
¶5 We review de novo a district court's ruling on a M. R. Civ. P. 12(b)(6) motion to dismiss. W. Sec. Bank v. Eide Bailly, LLP , 2010 MT 291, ¶ 18, 359 Mont. 34, 249 P.3d 35. We also review de novo a district court's interpretation and application *419 of a statute; the court's application of claim preclusion or issue preclusion is a question of law that we review for correctness. Brilz v. Metro. Gen. Ins. Co. , 2012 MT 184, ¶ 13, 366 Mont. 78, 285 P.3d 494.
DISCUSSION
¶6 The District Court concluded that, because of their interest in Two Rivers Apartments, the General Partners had the opportunity to be included as plaintiffs in the Two Rivers case but chose not to be. The court reasoned that the President of both Two Rivers Apartments and of each of the General Partners, Jim Morton, testified in his deposition that he was the person who made the decision to bring the previous lawsuit against Aultco-choosing whom to include as parties in the original suit but providing no explanation why the General Partners were not named. The District Court concluded further that the General Partners "are so intertwined with Two Rivers [Apartments] as to be the same entity." Because "[t]he matter of Aultco's negligence in this case has been litigated, settled, and dismissed with prejudice," the court dismissed the General Partners' third-party claims based on res judicata, collateral estoppel, or both.
¶7 A final judgment may have a preclusive effect on future litigation by way of either res judicata or collateral estoppel. See Baltrusch v. Baltrusch , 2006 MT 51, ¶¶ 15-18, 331 Mont. 281, 130 P.3d 1267. The two doctrines are based on a judicial policy favoring a definite end to litigation, "whereby we seek to prevent parties from incessantly waging piecemeal, collateral attacks against judgments." Baltrusch , ¶ 15 (internal citation omitted). Although similar, the two doctrines are not the same. See Baltrusch , ¶¶ 15-18. The District Court order overlapped the two doctrines; we consider each in turn. See Baltrusch , ¶¶ 15-18.
¶8 Res judicata, or claim preclusion, bars a party from relitigating a matter that the party already had the opportunity to litigate. Baltrusch , ¶ 15. "This includes claims that were or could have been litigated in the first action." Brilz , ¶ 21 (emphasis in original). Res judicata applies if five elements have been satisfied: (1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; (4) the capacities of the persons are the same in ***320 reference to the subject matter and to the issues between them; and (5) a final judgment has been entered on the merits in the first action. Bugli v. Ravalli County , 2018 MT 177, ¶ 9, 392 Mont. 131, 422 P.3d 131.
¶9 Collateral estoppel, or issue preclusion, is a form of res judicata, and bars the reopening of an issue that has been litigated and resolved in a prior suit. Baltrusch , ¶ 15. Collateral estoppel has four elements: (1) the identical issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom preclusion is now asserted was afforded a full and fair opportunity to litigate the issue. McDaniel v. State , 2009 MT 159, ¶ 28, 350 Mont. 422, 208 P.3d 817. To determine whether the issue decided in the prior adjudication is identical to the issue raised in the present case, we compare the pleadings, evidence, and circumstances surrounding the two actions. McDaniel , ¶ 33.
¶10 On appeal, the General Partners challenge the res judicata elements whether the claims in the previous case are the same as those in this case and whether there was a final judgment on the merits binding the General Partners. The General Partners challenge the collateral estoppel elements whether the identical issue previously was decided, whether there was a final judgment on the merits, and whether the General Partners had a full and fair opportunity to litigate.
¶11 Preclusion under either res judicata or collateral estoppel requires a final judgment on the merits. Bugli , ¶ 9 ; McDaniel , ¶ 28. "Voluntary dismissal of an action with prejudice constitutes a final judgment on the merits." Touris v. Flathead County , 2011 MT 165, ¶ 15, 361 Mont. 172, 258 P.3d 1.
*420 The General Partners argue that neither doctrine was satisfied because there was no final judgment in the prior lawsuit as it relates to the General Partners. They argue that the parties' intent governs whether a settlement agreement is a final judgment. The General Partners maintain that because the settlement agreement did not have the word "partners" in it, the parties intended for the General Partners to not be participants in the final judgment.
¶12 The settlement in the Two Rivers case involved two separate written release agreements. The first, stating the terms of the settlement between Two Rivers Apartments and two defendants other than Aultco, provided that the parties expressly agreed to release "the other Parties, as well as the other Parties' respective officers, directors, shareholders, trustees, partners , members, predecessors, successors, ***321 employees, attorneys, insurers, representatives, and agents ...." (Emphasis added). In the separate mutual settlement agreement between Two Rivers Apartments and Aultco, the agreement did not specifically identify "partners" as one of the affiliated entities being released. Given the list of parties in the agreement as a whole, however, and the fact that the agreement did not expressly reserve or indicate the parties' intent to reserve any rights of the General Partners, we agree with the District Court that the agreement contained insufficient language to support a conclusion that the parties intended to exclude the General Partners from the final settlement agreement and to reserve their right to litigate with Aultco. The agreement plainly intended to bind Two Rivers Apartments and its privies to the settlement.
¶13 The District Court properly concluded that the release operated as effectively on the General Partners as it did on Two Rivers Apartments. The concept of privity in the context of a judgment "applies to one whose interest has been legally represented at trial." Denturist Ass'n of Mont. v. State , 2016 MT 119, ¶ 14, 383 Mont. 391, 372 P.3d 466 (internal citation omitted); see also Taylor v. Sturgell , 553 U.S. 880, 894, 128 S. Ct. 2161, 2172, 171 L.Ed.2d 155 (2008) ("[A] nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit." (internal quotations and citation omitted)). Privity exists where "two parties are so closely aligned in interest that one is the virtual representative of the other." Denturist Ass'n of Mont. , ¶ 14 (internal citation and quotation omitted). Privity exists between Two Rivers Apartments and the General Partners because the interests of the entities in the litigation are "closely aligned." Two Rivers Apartments, the entity in which both HRC Two Rivers LLC and HRC Cottages Inc. are general partners, made the same allegation that the General Partners now make: Aultco's negligence caused mold in the apartments. See Denturist Ass'n of Mont. , ¶ 15. The parties reached a settlement on that claim and stipulated that the case would be dismissed with prejudice. Although the District Court did not analyze whether there was a final judgment on the merits, element five of res judicata and element two of collateral estoppel both are satisfied because a binding settlement agreement that dismissed the case with prejudice is a final judgment on the merits. Touris , ¶ 15.
¶14 We turn next to whether the issue and claim in this action are the same as in the Two Rivers case. The General Partners argue that claim preclusion is not proper because the General Partners' claims are not the same claims Two Rivers Apartments made in the Two Rivers case.
***322 The General Partners reason that Two Rivers Apartments made three claims against Aultco in the Two Rivers case: breach of contract, breach of warranty, and negligence. The General Partners maintain that in this case they have made two claims against Aultco: common law indemnity and contributory negligence. The claims thus are not identical, which is required for claim preclusion.
¶15 The General Partners also argue that issue preclusion is not proper because the issue the General Partners raise is not the same issue litigated in the previous lawsuit. The General Partners claim that the relevant issue in the previous lawsuit was whether Aultco was liable for mold in the attic. In the instant matter, the General Partners maintain that the issue the tenants raise is whether *421 Two Rivers Apartments and its privies are liable for not providing notice of the mold to the tenants. The issue the General Partners raise in their Third-Party Complaint is whether, if the General Partners are held liable for failing to provide notice, Aultco is responsible to indemnify the General Partners or contribute to payment of damages.
¶16 Comparing the pleadings, the allegations made in the Two Rivers Complaint and Jury Demand are identical to those made in the General Partners' Third-Party Complaint. See McDaniel , ¶ 33. The Third-Party Complaint alleges that Aultco "failed to build the building in compliance with the specifications and drawings [and that its] failure to construct according to specifications and drawings caused mold to grow in attic spaces." The Third-Party Complaint also alleges that equipment Aultco used was not of good quality, new, or free from defect, and that the construction and services were not in compliance with the requirements of the warranty agreement. Count I claims that Aultco is liable to the tenants as a result of its negligence and that the General Partners are entitled to indemnity from Aultco. Count II claims that Aultco's negligence was the cause of the tenants' damages and Aultco therefore is contributorily liable. The Two Rivers Complaint and Jury Demand alleged that Aultco's negligence, breach of warranty, and failure to construct the building in compliance with the specifications caused mold to grow in the attic spaces. Substantively the General Partners' precise claims were alleged in the Two Rivers Complaint and Jury Demand-Aultco's negligent construction. The District Court did not err in concluding that the same claim of negligence was alleged in the Two Rivers case and in the current case.
¶17 The issue the tenants raise in the case at hand is whether they were notified about mold in the apartments. The issue on which the General Partners are attempting to sue Aultco, however, is the cause of that mold-whether Aultco is responsible for the mold and for the ***323 resulting injury. This is the same issue that was litigated and voluntarily settled with prejudice in the Two Rivers case. The General Partners' Third-Party Complaint and the Two Rivers Complaint and Jury Demand have substantively the same allegations. The General Partners do not raise a new issue or claim for purposes of res judicata or collateral estoppel analysis. The District Court correctly concluded that the issues and claims were the same for preclusion purposes.
¶18 Finally, the District Court concluded that the General Partners had a full and fair opportunity to litigate the issues raised in the previous case. Preventing repeated litigation of the same claims serves to "conserv[e] judicial resources." Baltrusch , ¶ 15 ; see also Denturist Ass'n of Mont., ¶ 15. The burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity to litigate. McDaniel , ¶ 42.
¶19 The purpose of the partnership is to operate the apartment complex in which the General Partners have an interest. Morton, the entities' common president, testified that the decision to file the lawsuit was a "combination of the partners' interest." It was Morton's decision as president and representative of the partnership, as well as members of the HRC Cottages Inc. board, to bring the suit and to name the parties. The General Partners offer no explanation why they did not participate as plaintiffs in the Two Rivers case, even though they are privies of Two Rivers Apartments and thus had the opportunity to be named parties. The General Partners allege that neither they nor Two Rivers Apartments were afforded an opportunity to seek indemnification or contribution from Aultco for failing to provide notice of mold to its tenants and should not be barred from doing so now. Yet the General Partners did not seek indemnification or contribution from Aultco for failing to provide notice. Their Third-Party Complaint seeks indemnification or contribution for Aultco's alleged faulty construction that caused the mold-the very issue and claim litigated and settled in the Two Rivers case. The General Partners had the opportunity to pursue their claims against Aultco in the Two Rivers case but inexplicably chose not to be included. The General Partners have not met their burden of establishing the absence of a full and fair *422 opportunity to litigate. The fifth element of collateral estoppel therefore is satisfied.
¶20 The District Court did not err in concluding that all elements of res judicata and collateral estoppel were satisfied. As privies of Two Rivers Apartments, the General Partners could have joined the previous case and now are precluded from relitigating the claims and issues voluntarily dismissed with prejudice against Aultco following ***324 the settlement agreement.
¶21 The General Partners maintain that even if the District Court correctly applied the elements of res judicata and collateral estoppel, this Court should adopt an exception to those doctrines when the parties expressly or tacitly agree to split the claim pursuant to Restatement (Second) of Judgments, § 26. The General Partners argue that the absence of the word "partners" from the settlement agreement tacitly preserves the claims between the General Partners and Aultco by splitting the claims. The General Partners concede that they cannot speculate why Aultco omitted "partners" from the release it prepared but maintain that the omission constitutes a tacit agreement.
¶22 The doctrines of res judicata and collateral estoppel "deter plaintiffs from splitting a single cause of action into more than one lawsuit ... thereby conserving judicial resources and encouraging reliance on adjudication by preventing inconsistent judgments." Baltrusch , ¶ 15 (internal citations omitted). By its terms, the settlement agreement does not relieve Two Rivers Apartments or its privies from being bound by the choice of finality of the judgment and the settlement agreement. There is no language or other indication that the parties expressly or tacitly intended to split the claim or to preserve the General Partners' right to sue Aultco. Under the facts of this case, we decline to adopt Restatement (Second) of Judgments § 26 as an exception to res judicata and collateral estoppel.
CONCLUSION
¶23 The District Court did not err in dismissing the General Partners' Third-Party Complaint against Aultco on the grounds of res judicata and collateral estoppel. The General Partners are privies of Two Rivers Apartments and had a full and fair opportunity to litigate their claims in the Two Rivers case. Res judicata and collateral estoppel preclude the General Partners from bringing their Third-Party Complaint when Aultco's negligence has been litigated, settled, and dismissed with prejudice. We affirm.
We Concur:
MIKE McGRATH, C.J.
INGRID GUSTAFSON, J.
JAMES JEREMIAH SHEA, J.
JIM RICE, J.

In a similar case, USA Institutional Two Rivers, LLC v. Aultco Construction, Inc. , No. DA 19-0047, the district court dismissed USA Institutional Two Rivers LLC's Third-Party Complaint against Aultco. This Court stayed the appeal in that case on motion of USA Institutional Two Rivers LLC.