DA 19-0598

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 147N

TWO RIVERS APARTMENTS, LLLP,

  Plaintiff and Appellant,

 v.

AULTCO CONSTRUCTION, INC., OLD WORKS, INC.,
d/b/a AULTCO CONSTRUCTION, INC.,

  Defendants and Appellees.

APPEAL FROM: District Court of the Fourth Judicial District,
      In and For the County of Missoula, Cause No. DV-15-1054
      Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

    Michael O'Brien, St. Peter Law Office, P.C., Missoula, Montana

  For Appellees:

    Christopher W. Froines, Froines Law Office, P.C., Missoula, Montana

       Submitted on Briefs: April 29, 2020

           Decided: June 2, 2020

Filed:

        _____
             Clerk

FILED

06/02/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0598

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This long-running dispute has spawned litigation before two separate district court judges and resulted in four appeals to this Court. Once again, the issue before this Court is whether the parties are permitted to relitigate issues already litigated and determined by one district court in another district court. We conclude they cannot and reverse and remand with instructions to reduce the attorney fee award accordingly.

¶3 Two Rivers Apartments, LLLP (Two Rivers) sued Aultco Construction, Inc. (Aultco) in DV-15-1054 before Judge Larson in the Fourth Judicial District Court, Missoula County, for negligent construction of an apartment building. After two years of litigation, the parties signed a mutual release and settlement agreement. The agreement included an indemnification provision that provided:

> In the event any additional claim is made which directly or indirectly results in additional liability exposure to the Parties for the losses, injuries, and damages for which this Release is given, the Parties covenant and agree to indemnify and each other [sic] and hold harmless from all such claims and demands, including reasonable attorney's fees and all other expenses necessarily incurred.

¶4 The tenants of the subject apartment building then brought suit against Two Rivers and its general and limited partners before Judge Deschamps in DV-18-39. The general

2

partners of Two Rivers filed a third-party complaint against Aultco, seeking contribution and indemnity if they were found liable for damages caused by Aultco's negligent conduct. Aultco filed a motion to dismiss the third-party complaint under the principles of res judicata and collateral estoppel, citing the prior suit and settlement agreement between Aultco and Two Rivers. Judge Deschamps granted the motion. The limited partner of Two Rivers then filed a separate third-party complaint against Aultco on the same grounds. Aultco again moved to dismiss based on res judicata and collateral estoppel. Judge Deschamps again granted the motion. This Court affirmed the first dismissal of Aultco from the suit on the grounds of res judicata and collateral estoppel. *Adams v. Two Rivers Apartments, LLLP*, 2019 MT 157, ¶ 23, 396 Mont. 315, 444 P.3d 415.

¶5 Along with its second motion to dismiss before Judge Deschamps, Aultco sought attorney fees under either *Foy v. Anderson*, 176 Mont. 507, 580 P.2d 114 (1978), or pursuant to the terms of the settlement agreement from DV-15-1054. In granting the motion, Judge Deschamps determined that an award of attorney fees was appropriate "[p]ursuant to the Settlement Agreement, as well as *Foy*." Aultco submitted two invoices of $15,475 and $1,975 and sought the full amount of those invoices. Judge Deschamps declined to award fees-for-fees and determined that the court would award fees associated with Aultco's first and second motions to dismiss, which he determined to be $6,475, but reduced the amount to $5,550, reasoning that the second motion to dismiss was duplicative of the first. Judge Deschamps ordered all of the defendants and third-party plaintiffs—that is, Two Rivers and its general and limited partners—to pay the attorney fee award.

¶6 Aultco then filed a motion to enforce the settlement agreement against Two Rivers in the original action, DV-15-1054, before Judge Larson. Aultco submitted a number of invoices to Judge Larson, totaling $23,273.83, which included the two invoices previously submitted to Judge Deschamps.[1] Judge Larson awarded Aultco the entire $23,273.83 in requested attorney fees from Two Rivers.

¶7 Two Rivers appeals from Judge Larson's order, arguing that the two invoices totaling $17,450, already considered and awarded in part by Judge Deschamps, should have been excluded under the principle of collateral estoppel. It argues the award should also be reduced a further $625, which was billed by Aultco's attorney-fee expert, because "fees-for-fees" should not be awarded in this case.

¶8 A district court's application of collateral estoppel is a question of law that this Court reviews for correctness. *Adams*, ¶ 5. Collateral estoppel, also known as issue preclusion, is a form of res judicata, and bars the reopening of an issue that has been litigated and resolved in a prior suit. *Adams*, ¶ 9 (citing *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267). Collateral estoppel has four elements: (1) the identical issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication; and (4) the party

---

[1] Aultco submitted two amended affidavits and supplemental briefing with additional invoices dated after the filing of the motion to enforce the settlement agreement that Judge Larson did not consider.

against whom preclusion is now asserted was afforded a full and fair opportunity to litigate the issue. *Adams*, ¶ 9 (citing *McDaniel v. State*, 2009 MT 159, ¶ 28, 350 Mont. 422, 208 P.3d 817).

¶9 All four elements of claim preclusion are met in this case. Aultco submitted two invoices totaling $17,450 to Judge Deschamps after he awarded it attorney fees under the terms of the settlement agreement and *Foy*. After a reasonableness hearing, Judge Deschamps determined a reasonable award of attorney fees based on those invoices. Aultco did not appeal from that decision. Aultco then brought additional proceedings before Judge Larson to enforce the settlement agreement and resubmitted those same two invoices, along with other invoices. Aultco did not argue before Judge Larson that Judge Deschamps had failed to previously consider or award any portion of those invoices, but again sought the full amount of the invoices. Judge Larson should have excluded these invoices in considering additional attorney fees. The issue of whether Aultco was entitled to the attorney fees billed in those two invoices under the settlement agreement had been litigated, considered, and awarded in DV-18-39 before Judge Deschamps. The party against whom the plea is now asserted was a party in the prior adjudication—Judge Deschamps awarded the award of attorney fees to Aultco against Two Rivers and its general and limited partners. Finally, Aultco had a full and fair opportunity to litigate the issue before Judge Deschamps—it succeeded on its argument that it was entitled to fees under the settlement agreement and brought evidence and experts to support the reasonableness of its requested fee.

5

¶10 We also agree with Two Rivers that the award should be reduced by the $625 billed for hearing preparation and testimony by Aultco's expert on the reasonableness of the attorney fees requested. Judge Deschamps, awarding fees under the settlement agreement and *Foy*, had already determined that fees-for-fees were not appropriate under the settlement agreement. Aultco did not appeal from this finding and it is estopped from asking another district court to reweigh the same issue.

¶11 We reverse and remand the District Court's attorney fee order with instructions to reduce the amount rewarded by $18,075. The corrected attorney fee award in DV-15-1054 is $5,198.83.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were incorrect.

¶13 Reversed and remanded with instructions.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR