NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEANETTE JERGENS, | No.   21-35688 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-00015-BMM |
| v. | |
| MARIAS MEDICAL CENTER; BOARD OF COUNTY COMMISSIONERS OF TOOLE COUNTY; CINDY LAMB, in her individual capacity, Severally, or in the Alternative, Jointly, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted April 13, 2022
San Francisco, California

Before: NELSON and BYBEE, Circuit Judges, and RAKOFF,** District Judge.

This case arises out of a dispute between plaintiff-appellant Jeanette Jergens

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

and her former employer, defendant-appellee Marias Medical Center ("MMC"). MMC placed Jergens on paid administrative leave in July 2015 while it conducted an investigation into workplace misconduct; in August 2015, based on that misconduct investigation, MMC terminated Jergens's employment. Jergens filed piecemeal litigation in response: a suit in 2015 bringing state law tort and wrongful termination claims, which ended in a jury verdict for Jergens (*Jergens I*); a suit in 2018 bringing state law discrimination claims, which ended in a summary judgment grant in favor of defendants that Jergens did not appeal (*Jergens II*); and this suit, filed in 2020, alleging that defendants violated the Family and Medical Leave Act ("FMLA") and Due Process Clause of the U.S. Constitution.

We review *de novo* the district court's summary judgment grant in favor of defendants-appellees on both claims. *See Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir. 2002) (en banc). We affirm.

Summary judgment in favor of defendants-appellees on Jergens's FMLA claim was proper on at least three grounds: Jergens failed to show prejudice to her FMLA rights, the claim was time-barred, and the claim was barred based on the doctrine of *res judicata*.[1]

---

[1] Contrary to Jergens's argument on appeal, the district court concluded (correctly) that defendant Cindy Lamb was entitled to qualified immunity on the due process claim, not on the FMLA claim; the district court's summary judgment grant on the FMLA claim applied to all defendants, including Lamb.

First, Jergens failed to show prejudice to her FMLA rights. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002) (holding that 29 U.S.C. § 2617's right of action for an FMLA violation "provides no relief unless the employee has been prejudiced by the violation"). Even assuming that MMC violated the FMLA, MMC provided Jergens with paid leave that was more generous than the leave Jergens was guaranteed under the FMLA (which would have been unpaid and would have run concurrent with vacation time). 29 U.S.C. § 2612(a). While a jury found that Jergens's termination violated state employment law, Jergens does not argue that she was fired for being eligible to take FMLA leave, and the FMLA does not provide employees with blanket immunity from termination. *See Liu v. Amway Corp.*, 347 F.3d 1125, 1132 (9th Cir. 2003). Furthermore, Jergens's argument on appeal—that the inclusion of a letter from her doctor in the documents attached to the report of the investigation into her workplace misconduct—does not state a violation of the FMLA, and thus does not show that her termination constitutes prejudice to her FMLA rights.

Second, Jergens's FMLA claim is time-barred. Any action under the FMLA must be brought within two years "after the date of the last event constituting the alleged violation for which the action is brought," or, for a willful violation, within three years. 29 U.S.C. § 2617(c)(1)–(2); *see also Olson v. United States by and through Dep't of Energy*, 980 F.3d 1334, 1338–39 (9th Cir. 2020). Whether or not

the statute of limitations is two or three years, Jergens's FMLA claim is time-barred. Under any logical construction, the "last event constituting the alleged violation" is the date of Jergens's termination—August 28, 2015. Jergens provides no support for her argument that a discovery rule applies to her FMLA claim; accordingly, her argument that the statute of limitations began to run on February 28, 2017 (when she learned that her employer had received a letter from her doctor about her medical condition) fails.

Third, Jergens's FMLA claim is barred by *res judicata*. Because the prior proceedings were in Montana state court, we apply Montana's doctrine of *res judicata*. *See Adams Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010). Under Montana law, *res judicata* bars a party from litigating claims the party raised or could have raised in a prior action if (1) the parties or their privies are the same; (2) the subject matter is the same; (3) the issues are the same, or could have been raised in the previous action; (4) the capacities of the parties are the same in reference to the subject matter and issues raised; and (5) the previous action ended with a final judgment on the merits. *See Brilz v. Metro. Gen. Ins. Co.*, 285 P.3d 494, 501 (Mont. 2012).

All five elements are satisfied here. The parties are the same.[2] The subject

---

[2]    While Lamb was not a party to the previous cases, Lamb is in privity with her employer, MMC, for purposes of these claims against the employer arising out of a

matter is the same: the termination of Jergens's employment. And although Jergens did not raise her FMLA claim in either prior case, she could have: she knew or should have known when her employment was terminated on August 28, 2015, that she was not directly offered FMLA leave; she was represented by counsel by August 19, 2016 and throughout *Jergens I* and *II*; and she received her right-to-sue notice on her discrimination claims over three months before trial in *Jergens I* and nine months before she sought to amend her complaint in *Jergens II*. Next, the capacity of the parties is the same in relation to the same subject matter and issues raised. Finally, both previous cases ended in final judgment on the merits: *Jergens I* in a jury verdict for Jergens, and *Jergens II* in a summary judgment grant in favor of the defendants that Jergens did not appeal.

Summary judgment in favor of defendants-appellees on Jergens's due process claim was likewise proper on at least two grounds: the claim fails as a matter of law and is barred based on the doctrine of *res judicata*.

First, Jergens's procedural due process claim fails as a matter of law because she identifies neither a constitutionally protected liberty or property interest nor a denial of adequate procedural protections. *See McQuillion v. Duncan*, 306 F.3d 895,

---

disputed termination. *See Adams v. Two Rivers Apartments, LLLP*, 444 P.3d 415, 420 (Mont. 2019) ("Privity exists where two parties are so closely aligned in interest that one is the virtual representative of the other." (citation and quotation marks omitted)).

900 (9th Cir. 2002). Jergens identifies no support for the existence of a constitutional right to prompt discovery in civil litigation. Even assuming *arguendo* that such a right were constitutionally protected, Jergens was not deprived of that right: she received all discovery materials 442 days before trial in *Jergens I*, with ample time to add new claims, depose necessary witnesses, or undertake additional pretrial discovery. Neither was Jergens denied adequate procedural protections: she had recourse to the remedial measures authorized by the Montana Rules of Civil Procedure, none of which she pursued.

Second, Jergens's due process claim was barred by *res judicata*. The analysis parallels that discussed above for the FMLA claim, though it is even clearer that Jergens could have brought her due process claim previously: Jergens's argument that her procedural due process rights were violated is based on the delayed disclosure of the doctor's letter and investigation report—a disclosure that occurred on February 28, 2017, several months before Jergens filed her complaint in *Jergens II*.

**AFFIRMED.**