FILED

07/11/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0727

DA 22-0727

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 134N

RASTA K. DOUGLAS WALID,

        Plaintiff and Appellant,

    v.

STATE OF MONTANA, ATTORNEY GENERAL,
DEPARTMENT OF PUBLIC HEALTH AND
HUMAN SERVICES, CHILD SUPPORT
ENFORCEMENT DIVISION, OFFICE OF
THE ADMINISTRATIVE LAW JUDGE,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV-22-835(A)
                    Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Rasta K. Douglas Walid, Self-Represented, Kalispell, Montana

        For Appellees:

        Justin Kraske, Department of Public Health and Human Services,
        Helena, Montana

Submitted on Briefs:  June 21, 2023

Decided:  July 11, 2023

Filed:

_____
                        Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Petitioner Rasta K. Douglas Walid appeals the Eleventh Judicial District Court's Order dismissing his complaint against the State and various entities (collectively "the Department") and declaring him to be a vexatious litigant. The court held that Walid's complaint was barred by principles of claim and issue preclusion and for failure to exhaust administrative remedies with the Child Support Enforcement Division, as all claims were based on the Administrative Law Judge's child support calculations, payment plan, and license suspensions and should have been pursued through the administrative hearing process. Because Walid's complaint was the fourth groundless action he had commenced arising from the same child support calculation and license suspensions, the District Court on its own motion found it "necessary . . . to exercise its discretion and declare Walid a vexatious litigant." It accordingly imposed filing restrictions on any attempt Walid may make to sue the named defendants in future actions or proceedings. Upon review of the record and application of our precedent and appropriate standards of review, we agree that the District Court properly dismissed Walid's complaint but conclude that it must allow

Walid the opportunity to be heard before imposing sanctions against him as a vexatious litigant.

¶3 Walid's dispute with the Department began when the Child Support Enforcement Division (CSED) refused to accept his tendered payment of child support arrears and future support payments. Walid had sent to CSED in December 2016 two homemade, self-issued cashier's checks purportedly drawn on his own issuing financial institution. CSED refused to accept this tender and notified Walid that if he did not send a $600 payment by January 6, 2017, it would suspend his driver's and professional licenses. After CSED did suspend his licenses for nonpayment, Walid filed suit in Flathead County against the CSED. The district court dismissed the action with prejudice, concluding that CSED properly suspended his licenses when Walid was more than $42,000 in arrears on his support payments, that Walid presented no credible evidence of a timely and valid support payment, and that his appeal of the license suspensions was untimely. Walid did not appeal.

¶4 Walid filed another Petition for Judicial Review in June 2019, challenging CSED's suspension of his licenses for nonpayment and arguing that his child support obligation had been cancelled through payment of his taxes. Following CSED's response, the Eleventh Judicial District Court dismissed the case and affirmed the underlying administrative orders. Walid did not appeal.

¶5 Walid submitted his third Flathead County complaint in April 2022, again challenging his license suspensions. The district court dismissed the complaint three months later, ruling that Walid's claims were barred by the doctrine of res judicata and he

3

had failed to exhaust administrative remedies. Walid did not appeal but filed a week later a Verified Complaint the District Court characterized as nearly identical to the previous two. Through counsel for the Department of Public Health and Human Services, the named respondents moved to dismiss. Walid filed a response, as well as a motion to amend his complaint. The Department again moved to dismiss, incorporating by reference its previous brief, "as the issues presented rely upon determinative facts previously adjudicated by this Court, most recently on July 22, 2022." Walid again responded, urging the court to deny the motion as moot because his Second Amended Verified Complaint set forth "multiple causes of action" and issues not previously litigated. The District Court entered its order dismissing the case a week later. From this order, Walid appeals.

¶6 We review de novo a district court's conclusions of law. *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 13, 366 Mont. 78, 285 P.3d 494 (citations omitted). "This includes a district court's application of claim preclusion or issue preclusion, which is an issue of law that we review for correctness." *Brilz*, ¶ 13 (citations omitted). We review for abuse of discretion a pre-filing order entered against a vexatious litigant. *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631 (citation omitted).

¶7 The law favors a definite end to litigation, "whereby we seek to prevent parties from incessantly waging piecemeal, collateral attacks against judgments." *Adams v. Two Rivers Apts., LLLP*, 2019 MT 157, ¶ 7, 396 Mont. 315, 444 P.3d 415 (quoting *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267). "A final judgment may have a preclusive effect on future litigation by way of either res judicata or collateral estoppel." *Adams*, ¶ 7. Res judicata, also known as claim preclusion, bars a party from

4

relitigating a matter that the party already had the opportunity to litigate, including claims that could have been litigated in the first action. *Adams*, ¶ 8. This doctrine applies if the following five elements are satisfied:

> (1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; (4) the capacities of the persons are the same in reference to the subject matter and to the issues between them; and (5) a final judgment has been entered on the merits in the first action.

*Adams*, ¶ 8. Collateral estoppel, also known as issue preclusion, bars the reopening of an issue that has been litigated and resolved in a prior suit. *Adams*, ¶ 9.

> Collateral estoppel has four elements: (1) the identical issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom preclusion is now asserted was afforded a full and fair opportunity to litigate the issue.

*Adams*, ¶ 9.

¶8 Based on the claims Walid made in each of his three prior actions, the District Court concluded that his fourth attempt was barred by these doctrines. Walid takes issue with this ruling, contending that the court failed to permit his proposed Second Amended Verified Complaint, which should not have been barred by res judicata or collateral estoppel. Walid maintains that the prior action was not a final judgment on the merits because it "was not rendered after argument and investigation as to which party is in the right."

¶9 The Department responds that, like his 2019 and April 2022 actions, Walid's complaint in this action challenged the April 16, 2019 Administrative Order Denying

Obligor's Motion to Review and Final Order Modification of an Administrative Order, and that his proposed Second Amended Verified Complaint did the same. We agree with the Department.

¶10 Walid's claims in the present case focus on the Department's actions in response to his January 2019 Request for Review of CSED's child support determinations. On appeal, Walid argues the merits of that administrative proceeding and the propriety of the Department's decision. His arguments pertain to the same administrative order and processes that formed the basis for his 2019 petition for judicial review and his April 2022 complaint in district court. The parties to those two actions—Walid and the Department— are identical to the parties in this action, and Walid had the opportunity to raise and litigate the claims he makes here. Walid's Second Amended Verified Complaint in this action did not allege any substantive facts other than those raised in his April 2022 complaint, which the district court found barred by either res judicata or failure to exhaust administrative remedies. Walid did not appeal that order but simply filed a new action. Walid is incorrect that there was no final judgment on the merits of his 2019 or 2022 district court actions. As the District Court observed, the court affirmed the CSED's underlying administrative orders in the judicial review proceeding. Walid does not contest the other elements of claim or issue preclusion, and we conclude that the District Court was correct when it found his present claims barred under those doctrines.

¶11 When it declared Walid a vexatious litigant, the District Court examined Walid's history of litigation and related conduct in light of the five factors we have considered in

6

reviewing the imposition of pre-filing orders.  *See Boushie*, ¶ 19.[1]  As the Department

acknowledges, the court made this declaration sua sponte.  The Department had not

requested such relief in its motion to dismiss.  We review a vexatious litigant order to

determine: "[w]hether the litigant was given notice and a chance to be heard before the

order was entered; whether the trial court has compiled an adequate record for review;

whether the trial court has made substantive findings about the frivolous or harassing nature

of the plaintiff's litigation; and whether the vexatious litigant order is narrowly tailored to

closely fit the specific vice encountered."  *Boushie*, ¶ 19 (citing *Motta*, ¶ 20).

¶12     Here, the District Court did not give Walid notice that it may declare him a vexatious

litigant or an opportunity to be heard before imposing a pre-filing restriction.  Because the

restriction burdens Walid's right of access to the courts, due process requires such an

opportunity.  *See Motta*, ¶¶ 18-20.  We accordingly reverse that portion of the District

Court's order and remand with instructions for the court to give Walid an opportunity to

be heard on the matter.

¶13     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our

Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of

---

[1] These factors are: (1) the litigant's history of litigation and, in particular, whether it has entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; e.g., whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Motta v. Granite County Comm'rs*, 2013 MT 172, ¶ 20, 370 Mont. 469, 304 P.3d 720 (citation omitted).

applicable standards of review. The District Court correctly applied the law when it dismissed Walid's complaint. We affirm the dismissal, reverse the vexatious litigant determination, and remand for further proceedings on that issue.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE