FILED

12/05/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0155

DA 23-0155

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 237N

MATTHEW RYAN AILER,

      Petitioner and Appellant.

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-21-480
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Matthew Ryan Ailer, Self-represented, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Katie F. Schulz, Selene
Koepke, Assistant Attorneys General, Helena, Montana

Submitted on Briefs:  August 23, 2023

Decided:  December 5, 2023

Filed:

                                Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Petitioner and Appellant Matthew Ryan Ailer (Ailer) appeals from the November 18, 2022 Order and the February 14, 2023 Final Order issued  by the Fourth Judicial District Court, Missoula County.  We affirm.

¶3      In 2011, Ailer filed workers' compensation claims with the Montana State Fund (State Fund), asserting he suffered injuries from a May 2011 traffic accident and an October 2011 accident where a heavy floor burnisher fell on him.  After Ailer's coworker reported the burnisher accident was staged so that Ailer could obtain workers' compensation benefits, the State Fund investigated.  In 2014, in the First Judicial District Court, Ailer was charged with felony theft for filing a false workers' compensation claim.  Judge Seeley presided over Ailer's theft case in the First Judicial District Court.  Ailer was convicted following a jury trial in December 2015, and was sentenced in March 2016.  Judge Seeley gave Ailer a six-year deferred sentence and ordered him to pay restitution of over $70,000.  At sentencing, Judge Seeley further ordered Ailer to remove Confidential Criminal Justice Information (CCJI) which had been posted on the internet.  Ailer appealed to this Court,

and we affirmed his conviction in 2018. *State v. Ailer*, 2018 MT 18, 390 Mont. 200, 410 P.3d 964 (*Ailer I*).

¶4    After this Court affirmed his conviction, Ailer, while represented by counsel, filed a petition for postconviction relief (PCR) in the First Judicial District Court in 2019 "to preserve the [PCR] deadline[.]" In that proceeding, after his counsel withdrew, Ailer filed dozens of pro se motions seeking discovery, CCJI, sanctions, hearings, and various other things. Judge Seeley denied the motions as premature because he had not filed an amended PCR petition. Ailer ultimately did file an amended PCR petition in September 2020, which was 257 pages long and contained a supporting brief of approximately 1,400 pages. Judge Seeley ordered the brief stricken and allowed Ailer to resubmit a brief of no more than 50 pages. On November 23, 2020, Judge Seeley issued an order directing the State to file a response to Ailer's amended PCR petition and further ordering that Ailer "**SHALL NOT** file another piece of paper in this case without prior leave of court or this matter will be dismissed with prejudice." (Emphasis in original.)

¶5    On April 23, 2021, Ailer filed a petition in the Fourth Judicial District Court for the release of CCJI relating to his 2014 criminal case and his 2019 PCR petition. The District Court entered an order for the State to release the files on April 26, 2021. The State thereafter filed a motion for relief under M. R. Civ. P. 60(b), asserting, among other reasons, it had not been properly served with the petition. The District Court granted the State's motion and vacated its earlier order. Ailer filed a motion for reconsideration, which the District Court denied, noting that Judge Seeley both denied Ailer's requests for CCJI

3

and ordered him to not file any further pleadings without leave of court. The District Court, like Judge Seeley, ordered that Ailer "must cease filing anything further with this [c]ourt." Ailer then appealed to this Court, which affirmed the District Court, finding that, because the State was not properly served, the District Court did "not have personal jurisdiction over the State and the order issued before obtaining personal jurisdiction over the State was void." *Ailer v. State*, No. DA 21-0367, 2022 MT 115N, ¶ 9, 2022 Mont. LEXIS 528 (*Ailer II*).

¶6      On June 2, 2022, Judge Seeley issued an Order for Dismissal After Deferred Sentence and Order on All Pending Motions by Defendant in Ailer's underlying criminal case. As Ailer's deferred sentence had expired without revocation, Ailer moved for dismissal pursuant to § 46-18-204, MCA, and Judge Seeley ordered the guilty verdict to the theft charge stricken and the case dismissed.[1] The same day, Judge Seeley also issued an Order of Dismissal in Ailer's PCR case, finding his PCR claim was moot because the guilty verdict had been stricken and the criminal case dismissed. Ailer appealed the dismissal of his PCR petition to this Court, and we affirmed Judge Seeley's decision to dismiss Ailer's PCR petition as moot—"[s]imply put, in the eyes of the law, Ailer has not been convicted of a crime. Ailer seeks to reopen his case to pursue a remedy which has

---

[1] Ailer appealed Judge Seeley's order which dismissed his deferred sentence to this Court. We affirmed the District Court's order of dismissal. *State v. Ailer*, No. DA 22-0347, 2023 MT 231N, 2023 Mont. LEXIS 1187 (*Ailer IV*).

4

already been granted: dismissal and no record of conviction." *Ailer v. State*, No. DA 22-0346, 2023 MT 198N, ¶ 17, 2023 Mont. LEXIS 1054 (*Ailer III*).

¶7      On August 11, 2022, though both his criminal case and PCR petition had been dismissed by Judge Seeley and he had been admonished by the District Court to "cease filing anything further" with the court, Ailer again filed a petition for the release of CCJI in the Fourth Judicial District Court.  The District Court initially denied the petition without prejudice for Ailer failing to make proper service on the State on September 2, 2022, but the State filed a response to Ailer's petition later that same day.  After the State filed a response to Ailer's petition, Ailer filed several motions, including motions for reconsideration of the District Court's order denying the petition without prejudice and for in camera review, to which the State also responded.  On November 18, 2022, the District Court issued its Order, which granted Ailer's motion for reconsideration of the court's initial denial based on lack of service, denied Ailer's petition under the doctrine of res judicata, and denied Ailer's other motions, including his motion for in camera review. Ailer thereafter filed a motion for reconsideration, a motion for relief pursuant to M. R. Civ. P. 60(b), and a motion to strike.  After the parties briefed these motions, the District Court denied them in its February 14, 2023 Final Order, and again ordered that Ailer "**SHALL NOT** file any further pleadings in this cause absent leave of [c]ourt." (Emphasis in original.)

¶8      Ailer appeals.  We consider the following restated issues on appeal: (1) whether the district court erred by denying Ailer's second application for the release of CCJI, and

(2) whether the District Court abused its discretion by denying Ailer's Rule 60(b) motion for relief.

¶9 "A district court's application of res judicata is an issue of law which we review for correctness." *Wiser v. Mont. Bd. of Dentistry*, 2011 MT 56, ¶ 7, 360 Mont. 1, 251 P.3d 675 (citing *Textana, Inc. v. Klabzuba Oil & Gas*, 2009 MT 401, ¶ 62, 353 Mont. 442, 222 P.3d 580).

¶10 Relying on Judge Seeley's numerous orders denying Ailer's motions for discovery, including CCJI, in his underlying criminal case and its accompanying PCR matter, the District Court found Ailer's second application for the release of CCJI was barred by the doctrine of res judicata. Ailer argues res judicata does not apply because his criminal and PCR proceedings before Judge Seeley were separate matters from his application for CCJI in the District Court. He asserts he "has not been afforded an opportunity to fully and fairly litigate an Application For CCJI." The State contends all elements of res judicata were satisfied, the District Court properly relied on Judge Seeley's orders regarding CCJI, and Ailer's application in the District Court was "judge shopping to circumvent Judge Seeley's consistent orders rejecting Ailer's attempts to obtain discovery that he either already received or had proven he was not capable of protecting." We agree with the State.

¶11 Res judicata, or claim preclusion, "bars the relitigation of a claim that the party has already had an opportunity to litigate." *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267. "Res judicata applies if five elements have been satisfied: (1) the parties or their privies are the same; (2) the subject matter of the present and past

actions is the same; (3) the issues are the same and relate to the same subject matter; (4) the capacities of the persons are the same in reference to the subject matter and to the issues between them; and (5) a final judgment has been entered on the merits in the first action." *Adams v. Two Rivers Apartments, LLLP*, 2019 MT 157, ¶ 8, 396 Mont. 315, 444 P.3d 415 (citing *Bugli v. Ravalli Cty.*, 2018 MT 177, ¶ 9, 392 Mont. 131, 422 P.3d 131).

¶12    Here, all elements of res judicata are met.  The parties, Ailer and the State, are the same.  "The subject matter element of claim preclusion 'is concerned with whether the two actions arise from the same underlying basis.'"  *Asarco LLC v. Atl. Richfield Co.*, 2016 MT 90, ¶ 17, 383 Mont. 174, 369 P.3d 1019 (quoting *Touris v. Flathead Cty.*, 2011 MT 165, ¶ 17, 361 Mont. 172, 258 P.3d 1).  The subject matter and issue, Ailer's request to obtain his desired CCJI, are the same.  Judge Seeley issued final orders dismissing both the underlying criminal case (after Ailer's motion and after the deferral period lapsed) and the PCR case (as it was moot) prior to Ailer's second CCJI application in the Fourth Judicial District Court.

¶13    Res judicata embodies "a judicial policy that favors a definite end to litigation, whereby we seek to prevent parties from incessantly waging piecemeal, collateral attacks against judgments."  *Baltrusch*, ¶ 15 (internal citation omitted).  "Central to res judicata are the concepts that litigation must come to an end at some point, and that judicial economy is promoted by a single action instead of multiple suits."  *Olsen v. Milner*, 2012 MT 88, ¶ 20, 364 Mont. 523, 276 P.3d 934.  Ailer has been waging piecemeal, collateral attacks against judgments denying him CCJI in two separate district courts over several

7

years. Barring his claims pursuant to the doctrine of res judicata is both appropriate and necessary. Accordingly, the District Court did not err by denying Ailer's second application for CCJI. In addition, there was no need for the District Court to conduct an in camera review of the CCJI materials due to Ailer's claims being barred by res judicata.

¶14 We turn now to Ailer's motion for relief from the District Court's order denying his application for CCJI. A district court's denial of relief pursuant to M. R. Civ. P. 60(b) is generally reviewed for an abuse of discretion. *Young v. Hammer, Hewitt, Jacobs & Floch, PLLC*, 2021 MT 180, ¶ 14, 405 Mont. 65, 491 P.3d 725 (citing *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451). "A district court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice." *In re Marriage of Orcutt*, 2011 MT 107, ¶ 6, 360 Mont. 353, 253 P.3d 884.

¶15 As an initial matter, we note Ailer's motion for relief was brought pursuant to both Rule 60(b)(3) and Rule 60(b)(6). Relief is only "available under M. R. Civ. P. 60(b)(6) 'for situations other than those enumerated in the first five subsections of the rule.'" *Mont. Prof'l Sports, LLC v. Nat'l Indoor Football League, LLC*, 2008 MT 98, ¶ 54, 342 Mont. 292, 180 P.3d 1142 (quoting *Matthews v. Don K Chevrolet*, 2005 MT 164, ¶ 17, 327 Mont. 456, 115 P.3d 201). "'It is generally held that if a party seeks relief under any other subsection of Rule 60(b), it cannot also claim relief under 60(b)(6).'" *Detienne v. Sandrock*, 2017 MT 181, ¶ 41, 388 Mont. 179, 400 P.3d 682 (quoting *Koch v. Billings Sch. Dist. No. 2*, 253 Mont. 261, 265, 833 P.2d 181, 183 (1992)). As such, we need only address

8

whether the District Court abused its discretion by not granting Ailer's motion for relief under Rule 60(b)(3) because by moving for relief under Rule 60(b)(3), "[r]elief under Rule 60(b)(6) is not and was not available to him." *Detienne*, ¶ 41.

¶16 Rule 60(b)(3) allows relief from a final judgment or order due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" M. R. Civ. P. 60(b)(3). "[A] Rule 60(b) motion may not be used as a substitute for appeal." *Donovan v. Graff*, 248 Mont. 21, 25, 808 P.2d 491, 494 (1991) (citations omitted). The District Court noted Ailer's motion for relief "continue[d] to assert the same arguments that have already been raised and addressed by this [c]ourt. He has provided no proof of mistake, fraud, deceit or other infraction that would entitle him to relief." We agree with the District Court. Ailer's lengthy list of grievances against the State concern his prosecution and alleged "wrongful conviction," a conviction which, as we have already noted, does not exist because "in the eyes of the law, Ailer has not been convicted of a crime." *Ailer III*, ¶ 17; *Ailer IV*, ¶ 20. The District Court did not commit an abuse of discretion by denying Ailer's Rule 60(b)(3) motion for relief as he failed to establish the State somehow committed fraud by opposing his second application for CCJI—an application which was barred by the doctrine of res judicata.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶18 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE